IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA STEVEN GEHDE,

                            Petitioner,

   v.                                                                  OPINION and ORDER

CHRIS BUESGEN,                                          21-cv-809-jdp

                            Respondent.

---

Joshua Steven Gehde has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for first degree reckless homicide that he received in state court. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. I must also review the petition for compliance with Rule 2(c), which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." This means that the petitioner must provide enough facts to cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Gehde's only claim is that his trial counsel provided constitutionally ineffective assistance of counsel by offering inconsistent defenses. To prevail on an ineffective assistance claim, Gehde must show both that that counsel provided deficient performance and that counsel's errors prejudiced him at trial. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Gehde hasn't stated a plausible claim under the *Strickland* standard. He includes only two sentences in his petition explaining the basis for his claim:

> Joshua S. Gehde argues that his 2 trial attorneys were ineffective by failing to present a consistent defense. He asserts that one of his attorneys presented arguments in opening statements and cross-examination of the state's witness that conflicted and were inconsistent with the evidence presented by his other attorney through testimony defense expert witnesses.

Dkt. 1, at 6. From this bare description, I cannot determine the basis for Gehde's claim. Gehde doesn't explain *how* his lawyers were inconsistent with each other or how any inconsistencies prejudiced him at trial. Without that information, I cannot properly evaluate Gehde's claim under *Strickland* or require the state to respond to the petition. But I will give Gehde an opportunity to file an amended petition in which he identifies the inconsistent statements and evidence presented by both lawyers and explains how those inconsistencies demonstrate that his counsel provided deficient performance and prejudiced him at trial.

ORDER

IT IS ORDERED that petitioner Steven Gehde may have until June 21, 2022, to file an amended petition that provides the facts supporting his claim, as described in this order. If Gehde doesn't respond by June 21, I will dismiss the petition for Gehde's failure to show that he is in custody in violation of federal law.

Entered June 3, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge