# FEDERAL DEFENDER SERVICES OF WISCONSIN, INC.

LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Guy Cardamone, Madison Supervisor
John W. Campion
Ramuel R. Figueroa
Matthew Giesfeldt
Jonathan Greenberg
Gabriela A. Leija
Julie K. Linnen
Dennise Moreno
Tom Phillip
Alex Vlisides

22 East Mifflin Street
Suite 1000
Madison, Wisconsin 53703

Telephone 608-260-9900
Facsimile 608-260-9901

December 1, 2025

The Honorable James D. Peterson
United States Chief District Judge
United States District Court
    for the Western District of Wisconsin
120 N. Henry Street
Madison, Wisconsin 53703

    Re:  *Joshua Gehde v. Chris Buesgen*, No. 21-cv-809-jdp (W.D. Wis.)

Dear Chief Judge Peterson:

    Pursuant to the Court's January 2023 order, the petitioner provides the following status report. This § 2254 petition has been stayed since July 2022 so that Gehde can exhaust his federal claims in state court. The Wisconsin Innocence Project has been representing him in that endeavor since November 2022. The Court has ordered periodic status reports about the case. On July 24, 2025, the Court also ordered the petitioner to provide notice by December 1 as to whether a state-court challenge has been filed.

    On December 1, 2025, WIP filed in the state circuit court a motion for postconviction relief and a motion for postconviction discovery. WIP also filed today with the Wisconsin Court of Appeals a habeas corpus petition. Both state postconviction challenges to Gehde's conviction and sentence raise federal constitutional claims.

    The Court's order dated July 24, 2025, requires the petitioner to identify the postconviction claims that have been raised. The following claims have been raised by Gehde in the circuit court through his motion for postconviction relief: (1) Gehde's trial

FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.

December 1, 2025
Page 2

attorneys were ineffective under the Sixth Amendment in failing to adequately challenge the State's expert witness testimony by failing to file a *Daubert* challenge to certain opinions, and by failing to challenge the State's retinal-hemorrhage testimony on cross-examination and through a defense expert; (2) newly discovered evidence in the form of scientific advances undermines the State's medical testimony; (3) the State violated *Brady* by failing to disclose the compensation paid to Dr. Barbara Knox, its key witness; (4) the State violated *Napue* when it allowed Dr. Knox to testify that she didn't privately profit from her testimony, when she received a kickback for her medical-legal fees from the UW Medical Foundation; (5) Knox's false testimony alternatively constitutes newly discovered evidence; and (6) under state law, the interest of justice requires a new trial.

Gehde has also raised a single claim in his habeas corpus petition filed with the Wisconsin Court of Appeals: that his appellate attorney was ineffective under the Sixth and Fourteenth Amendments for failing to raise on direct appeal trial counsel's ineffectiveness in failing to call at trial Taylor Skenandore, a known and material fact witness who would've corroborated Gehde's trial testimony.

The Court's order further requires the petitioner to explain whether any amendments to the federal § 2254 petition are needed in light of the state filings. The answer is yes. The only federal claim that Gehde has exhausted is a claim that his trial attorneys were ineffective in presenting inconsistent defense theories. The remaining federal claims (the first, third, and fourth claims in the postconviction motion, and the claim in the habeas corpus petition) are unexhausted and need to be litigated in state court first. The claim in the state habeas corpus petition was previously identified by the petitioner in his proposed amended § 2254 petition. *See* R.6 at 10-12, 27-29. The other federal claims presented in the state postconviction motion were discovered by WIP in the course of its postconviction investigation and would be the subject of a supplemental motion to amend the § 2254 petition in the event the state courts deny relief.

Given the need to exhaust those claims in state court before proceeding with the federal petition, the petitioner respectfully requests that the Court maintain the stay order as the litigation in state court unfolds. In closing, both FDSW and WIP greatly appreciate the generous amount of time the Court allotted for WIP to fully investigate the case and the claims, and to prepare the state postconviction pleadings on Gehde's behalf.

FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.

December 1, 2025
Page 3

Respectfully,

*/s/ Jonathan Greenberg*
Jonathan Greenberg
Associate Federal Defender

CC:    Joshua Gehde, Jackson CI (Black River Falls, WI)
       Rachel Burg, Co-Director, Wisconsin Innocence Project